BENJAMIN J. HORTON, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 941. Submitted November 24, 1934.—Decided January 25, 1935.

*José Sabater* for appellant.   The registrar did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In civil case No. 17090 brought by Benjamin J. Horton in the District Court of Mayagüez against Desideria Torres widow of Mari, that court entered the following order:

"ORDER.—The foregoing motion came on for hearing upon the merits, and it appearing from the record that Andrés Orsini y Rodríguez was notified by publication that if he did not protect his rights upon the day of the auction, his record of attachment in the registry of property would be canceled, and it further appearing that the amount realized at the sale was insufficient to cover the claim of the plaintiff Benjamin J. Horton, THE COURT orders the Clerk to issue a writ to the Registrar of Property of San Germán directing that official to make a total cancellation in his books of the record of attachment there noted upon the property sold in favor of Andrés Orsini y Rodríguez, and likewise to cancel any record there may be of the agricultural contract which gave rise to case No. 17162 of this District Court, which contract was constituted by affidavit No. 1118 of April 2, 1930, before Notary Emilio Forestier Gregory. Mayagüez, P. R., October 9, 1934.   (Signed) Charles E. Foote, District Judge."

In compliance therewith, the clerk of the court issued a writ directed to the Registrar of Property of San Germán, in which the order was copied in full, the property referred to was described, and the said official was directed to make the cancellation ordered.

Upon presentation of the writ at the registry for the sole purpose of cancellation of the attachment, the registrar made the following notation:

"Record of the foregoing document is denied, solely as to the cancellation of the attachment levied by Andrés Orsini, the recording of which was requested, for the reason that the property sold at auction does not appear as yet recorded in the name of Benjamin J. Horton, and for the further reason that there has not been presented the proper deed of judicial sale or the documents the object of the proceeding, as complementary at least to such writ of cancellation, probative of such important antecedent circumstances, in order that such documents may be passed upon together with such writ so as to determine whether the formalities of the law were observed in the procedure followed by the Marshal in said auction, since there is no legal presumption that everything has been done in due form, but it is incumbent, upon the purchaser at such auction to prove such facts to the registrar by means of authentic documents, 21 P.R.R. 523, and, further, because such antecedent circumstances ought to appear in the registry for the knowledge and protection of subsequent purchasers, 22 P.R.R. 316, 701, 705; 1 *D.P.R.* 278; 36 P.R.R. 286; and in lieu thereof, a cautionary notice is entered . . ."

Feeling aggrieved by that decision, Benjamin J. Horton, took the present administrative appeal.

We have examined the cases relied upon by the registrar to sustain his decision. That from volume 1 must be mistaken, because the case which appears on the page cited has no relation to the case at bar. At pages 237 and 462 of volume 1 of the *Decisiones de Puerto Rico,* there appear the cases of *Catalán* v. *Uriarte, et al.* and *Criado* v. *Battistini,* respectively, interpreting section 83 of the Mortgage Law, but not deciding the exact question involved in this case, which is not covered by the other cases cited either, since what is

involved here is not the record of a judicial sale, but the cancellation of an attachment recorded in the registry.

Section 83 of the Mortgage Law provides as follows:

"If a record or entry shall have been made by virtue of an order of a court, and the parties agree in a valid manner to have it canceled, they shall file a petition to this effect in the proper court and after ratifying it, if there is or can be no prejudice to a third person, an order shall be issued directing the cancellation.

"The judge or court shall also make a similar order when proper, even though the person in whose favor the record or entry may have been made does not agree to the cancellation.

"If the record or entry which has been made by virtue of a public instrument should be canceled, and the party prejudiced by the cancellation should not agree thereto, the other person interested may bring a declaratory action against him."

The record of attachment having been made by judicial order, it could therefore be ordered to be cancelled by the same judicial authority, as was done here. The registrar does not maintain that the court acted without jurisdiction. Apparently he believes that the cancellation cannot be made without first having made a record of the judicial sale and without having before him the documents which would permit him to form an opinion as to the legality or illegality of the proceedings culminating in the sale at public auction.

In our opinion his contention is unsound. The appellant was not first obliged to record the purchase deed of the property in question. He addressed himself to the court within the suit which he had started against the owner thereof, and petitioned specifically for an order directing the cancellation of a certain attachment encumbering the property, and the court, after having heard the petition upon its merits, granted the same.

"Article 18 of the Mortgage Law," this court said through Mr. Chief Justice Hernández in the case of *Ramírez* v. *Registrar,* 16 P.R.R. 330, 331, "grants registrars the power to classify, under their responsibility, the documents issued by

judicial authorities, for the sole purpose of admitting, suspending or refusing their record or entry; but such power does not authorize them to examine the grounds of judicial decisions, nor to base, upon the opinion they may form of the legality of such grounds, the denial of any record or entry, although it is permissible for them to consider whether or not they have been rendered by a court of competent jurisdiction.''

This doctrine has been followed in many cases. The decision appealed from must be reversed.

Mr. Justice Wolf concurs in the result.